**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Bryant A. COOK, Defendant–Appellant.**

**No. 00–5185.**

United States Court of Appeals,
Sixth Circuit.

Feb. 6, 2001.

Before DAUGHTREY and GILMAN, Circuit Judges; HEYBURN, District Judge.*

This is an appeal from a district court judgment dismissing a motion seeking the production of a record at no expense to the defendant. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1997, Bryant Cook was convicted of conspiracy to distribute crack cocaine and sentenced to life in prison. A panel of this court affirmed the conviction and sentence. *United States v. Rooks,* Case Nos. 97–5274 / 5704 / 5866, 1999 WL 357830 (6th Cir. May 25, 1999) (per curiam), *cert. denied,* 528 U.S. 1126, 120 S.Ct. 957, 145 L.Ed.2d 831 (2000). In 1999, Cook filed a motion in the district court seeking an order directing his trial counsel to supply Cook with copies of the entire contents of the attorney's office file and all relevant documents. The district court ultimately denied the motion as well as a motion to reconsider, and this appeal followed.

Cook filed a motion in 1999, styled as a "Motion to compel defense counsel to turn over all records and files." In the motion, Cook claimed to be "in great need of his case file, records and work product to scrutinize all materials to properly select issues to be raised and supported with facts, on issues to be raised" on an inchoate motion to vacate sentence. Defense counsel responded with a lengthy, thoroughly-documented list of earlier correspondence with Cook in which Cook was provided with copies of many of the documents and transcripts requested. In addition, counsel expressed a willingness again to supply Cook with copies of documents if Cook were to prepay the costs of copying and shipping.

■ The district court denied the motion after concluding that counsel had "already gone to considerable time and expense to provide defendant Cook with copies of virtually all the necessary, relevant documents" so that "[t]he attorneys are not required to continuously subsidize and pay money out of their own pockets to assist defendant Cook in any efforts he may undertake in the future to seek post-conviction relief." The court noted that counsel had offered to cooperate with Cook in supplying prepaid materials. Cook moved for reconsideration of this decision on the ground that he was being denied access to the courts and the district court denied this motion. Cook then filed a notice of appeal that resulted in the case at bar. Cook, however, immediately followed this with another motion asking for the exact amount Cook would have to prepay to receive the copies requested. In this latter motion, Cook acknowledged that he "has concerned citizens willing to prepay for the defendant to purchase his case file." The district court, in an order that technically is not a part of the present appeal, nevertheless granted Cook's request and directed counsel to supply Cook with an amount certain for prepaid postage and copying fees. In the present appeal, Cook challenges the court's decision to deny the motion to compel.

---

* The Honorable John G. Heyburn II, United States District Judge for the Western District of Kentucky, sitting by designation.

There is no support for the proposition that a defendant is entitled to have his court-appointed counsel supply him with any and all documents the defendant requests for the sole purpose of hunting through them for issues that may be raised in an as-yet filed collateral challenge to the conviction. In general, with respect to a similar request of the government, there is no constitutional right to discovery in criminal cases. *United States v. Presser,* 844 F.2d 1275, 1281 (6th Cir. 1988). Cook's request to examine grand jury testimony, for example, would only be granted in the most exceptional circumstances. *In re Antitrust Grand Jury,* 805 F.2d 155, 162 (6th Cir.1986). In addition, a convicted defendant does not enjoy an unfettered right to a transcript at government expense to assist him in the preparation of a collateral attack on the conviction. *United States v. MacCollom,* 426 U.S. 317, 323–24, 96 S.Ct. 2086, 48 L.Ed.2d 666 (1976). In short, there is no discovery "in the air" in the absence of a definitive deprivation of fundamental fairness that cannot be cured through the channels provided. It is clear from the expanded record before the court that Cook has received assurances from the district court, and his former counsel, that his apparent ability to prepay copying and postage costs will result in his obtaining the documents he seeks. This court will not disturb this result.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.